160 So. 924

**Graham SMITH v. STATE.**

7 Div. 92.

Court of Appeals of Alabama.
March 19, 1935.

McCord & McCord and E. G. Pilcher, all of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.
Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years.

It was without dispute that he, a young man himself, shot and killed one Forney Rhodes, a young man, in an altercation late at night at a filling station in or near Gadsden. It is not easy to see what brought on the fatal shooting, unless it was an overload of whisky, carried in appellant's stomach.

At any rate, the state's testimony tended strongly to make out the offense of a willful,

deliberate, malicious, and premeditated homicide on the part of appellant. The testimony offered by appellant, including his own, tended to make out his plea of a killing done in self-defense.

The case is simple in its legal aspects. In every practical sense it was one to be decided by the jury.

After careful study of the record and bill of exceptions, we really find very little that we seem called upon to say.

The trial judge delivered to the jury an excellent oral charge; covering, correctly, it appears to us, every applicable principle of the law. In addition to this, though, he gave to the jury at appellant's request, a very large number of written charges. These, in connection with the oral charge, rendered it unnecessary (Code 1923, § 9509) to give any one of the written charges appearing in the record and indorsed "refused," unless said charge is patently erroneous or inapplicable.

We have examined with care every exception reserved on the taking of testimony. In no instance is any new or novel question raised by the ruling underlying same. It would add nothing of value to the body of our law for us to discuss these exceptions separately.

Appellant's distinguished counsel, in a brief filed here, has commented upon these exceptions; but the Attorney General, in a brief filed on behalf of the state, has met, in each requisite instance, this comment by the citation of an apt, contrariwise ruling by our Supreme Court. We see no need to prolong our opinion by expressing our agreement in each separate instance with the Supreme Court. Code 1923, § 7318.

Every question apparent has had our close attention. There appears, nowhere, a ruling to have been made, nor an action taken, prejudicial to any right of appellant.

The fatal occurrence was deplorable; and offers a theme, perhaps, for sociologists. But appellant appears to have had a fair trial, and the judgment of conviction is affirmed.

Affirmed.